UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| THOMAS OWENS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 2:13-cv-0005-WTL-WGH |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Thomas Owens ("Owens") for a writ of habeas corpus must be **denied** and this action **dismissed with prejudice.**

**Background**

The pleadings and the expanded record in this action establish the following:

1. Owens is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISF 12-09-00167, wherein he was found guilty of having violated prison rules of conduct by conspiring to engage in trafficking.

2. A conduct report was issued on September 10, 2012, reciting that as a result of monitoring offender telephone calls from Owens, it was determined that Owens called the phone number belonging to Ms. Kristi Shields on September 6, 2012. Owens asked her about a magazine being sent in and when it arrived at the facility, and whether she had used a fake address. The conduct report further stated that video surveillance showed Owens and offender Gard talking to one another about the whereabouts of the magazine. On September 4, 2012, an Esquire magazine addressed to offender Gard was confiscated from the mail room. The magazine contained ten Suboxone strips concealed inside a cologne ad with the return address being from a Barnes and Noble book store. (The respondent notes that Suboxone is a narcotic

used as maintenance treatment for opioid dependence that is available only by prescription and must be taken under a doctor's care.).

3. On September 14, 2012, Owens was provided with a copy of the conduct report and notified of his procedural rights. Owens requested a witness whose statement was obtained. He also requested "all evidence and phone list."

4. A hearing was held on September 25, 2012. Owens was found guilty of the charge. He was sanctioned with a written reprimand, ninety (90) days of disciplinary segregation, and a ninety (90) day loss of earned credit time. Owens' administrative appeals were denied and this action followed.

## Owens' Claims

Contending that the proceeding described above is tainted by constitutional error, Owens seeks a writ of habeas corpus. Owens argues that 1) he was denied a fair hearing before an impartial hearing officer because he was not provided a detailed summary of the telephone conversation with Ms. Shields, and 2) the evidence was insufficient to support the finding of guilt.

## Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction that affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or a demotion in credit earning class, the state must follow constitutionally adequate procedures to ensure that the credits are not arbitrarily revoked. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Owens was entitled to the following process before being deprived of his liberty interests: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (internal quotation omitted). In addition, there is a substantive component to the issue which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445, 454 (1985).

Owens first contends that he was denied a fair hearing before an impartial hearing officer because his request that the hearing officer write out a detailed summary of his telephone conversation with Ms. Shields was denied. Owens concedes that he did not, in fact, make such a request. He argues now that his request for "all evidence," even though not specific or detailed, "should have included a detailed account of the phone conversation." (Petitioner's Reply at pp. 4-5). Owens was not denied evidence he did not request. In addition, he was provided a summary of the conversation attached to the conduct report which stated, "talking about magazine being sent in to Offender Gard with Suboxone in it and a fake return address." He was also provided a copy of the phone list and a photo from the video surveillance showing Owens and offender Gard talking. This evidence was sufficient for Owens to prepare his defense. Indeed, as part of his defense, Owens argued that the phone number listed did not belong to Ms. Shields. The phone number itself, however, was not critical to the determination of Owens' guilt.

Moreover, none of Owens' contentions demonstrate a lack of impartiality on the part of the hearing officer. *See Wolff*, 418 U.S. at 570-71 (an offender has the right to have an impartial decision-maker at disciplinary hearings); *White v. Indiana Parole Bd.,* 266 F.3d 759, 767 (7th Cir. 2001) (same); *Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir. 1995) (officer who is substantially involved in investigation of charge may not serve on adjustment committee, but tangential involvement does not disqualify officer); *Redding v. Fairman*, 717 F.2d 1105, 1112-1113 (7th Cir. 1983); *Merritt v. De Los Santos,* 721 F.2d 598, 601 (7th Cir. 1983).

Owens' claim that there was insufficient evidence is also unavailing here. Contrary to Owens' reference to the "beyond a reasonable doubt" standard, the evidentiary standard of *Hill,* "some evidence," is not demanding. Owens argues that the evidence was not sufficient because the surveillance video did not have audio. Although it is true that the video did not have audiotape that revealed the content of Owens' and Gard's conversation, such information was not essential to a finding of guilt. He also contends that because an Esquire magazine was never sent to him so he could not be found guilty of trafficking. A magazine addressed to Gard was confiscated from the mailroom. It contained ten Suboxone strips concealed inside a cologne ad with a return address to Barnes and Noble bookstore. Owens was not charged with receiving the magazine. He was charged with and found guilty of conspiracy to commit trafficking.

Even a conduct report alone can provide sufficient evidence to support a finding of guilt. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999). The conduct report in this case was written by the Internal Affairs investigator who reviewed the telephone conversation between Owens and Ms. Shields about a magazine being sent to offender Gard that contained Suboxone. Video surveillance showed Owens talking to offender Gard at the same time he was having this telephone conversation. "In reviewing a decision for some evidence, courts are not required to

conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson*, 188 F.3d at 786 (internal quotation omitted). Sufficient evidence shows that Owens participated in a conspiracy to have contraband sent into the facility. There is no due process violation under these circumstances.

Under *Wolff* and *Hill,* Owens received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Owens was given the opportunity to appear before an impartial hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for his decision and for the sanctions imposed.

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding that entitles Owens to the relief he seeks. Accordingly, Owens' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T Lawrence_

Date: 7/10/13

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Thomas Owens, No. 196592, Miami Correctional Facility, 3038 West 850 South, Bunker Hill, IN  46914
All electronically registered counsel